UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Filiberto Gonzalez,<br><br>        Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>        Defendant. | No. 1:25-cv-00047-GSA<br><br>**OPINION & ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF**<br><br>**(Doc 14, 15,[1] 16, 18)** |

### I.  Introduction

Plaintiff Filiberto Gonzalez appeals the decision of the Commissioner of Social Security denying his application for disability insurance benefits (SSDI) under Title II of the Social Security Act.[2]

### II.  Factual and Procedural Background

On October 26, 2021, Plaintiff applied for SSDI benefits alleging disability as of July 15, 2020. The agency denied the application initially on May 20, 2022, and on reconsideration on August 23, 2022. The ALJ held a hearing on January 23, 2024. AR 33–55  The Appeals Council denied review on December 12, 2024 (AR 1-6) and this appeal followed.

### III.  The Disability Standard

Under 42 U.S.C. §405(g), this court has the authority to review the Commissioner's denial of disability benefits. Reversal is appropriate when the ALJ's findings are based on legal error or unsupported by substantial evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

---

[1] The Clerk shall please terminate the undisputed extension motions as moot. ECF No. 14, 15.
[2] The parties consented to the jurisdiction of a United States Magistrate Judge. ECF No. 10,11.

1

Substantial evidence is that which could lead reasonable minds to accept a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

The court must consider the record as a whole, not isolate a specific portion thereof. *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). The Ninth Circuit has explained that "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

A disability claim is evaluated using five-step analysis. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant

numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to provide evidence that the Plaintiff is capable of performing other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### IV. The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of July 15, 2020. AR 22. At step two the ALJ found that Plaintiff had the following severe impairments: carpal tunnel syndrome status post carpal tunnel release, and degenerative disc disease of the cervical spine. AR 22. At step two the ALJ concluded that the claimant also had non-severe impairments, including the following: history of colon cancer, hypertension, hyperlipidemia, diabetes mellitus, obesity, and sleep apnea. AR 22–23.

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 23.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the following RFC:

> To perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps, stairs, occasionally climb ladders, ropes, or scaffolds, can frequently stoop, kneel, crouch, occasionally crawl, and the claimant is limited to frequent handling and fingering bilaterally.

AR 23–27.

At step four, the ALJ concluded that Plaintiff could not perform his past relevant work as a building maintenance mechanic and measurement technician. AR 27. At step five, in reliance on the VE's testimony, the ALJ found that there were jobs existing in significant numbers in the national economy which Plaintiff could perform: assembler, small products; inspector; and garment sorter. AR 27–28. Accordingly, the ALJ concluded that Plaintiff was not disabled since the alleged disability onset date of July 15, 2020. AR 28.

### V.     Issue Presented

Plaintiff asserts the following claims of error: **1-** the ALJ failed to address the combination of impairments of colon cancer, diabetes, and obesity; **2-** the ALJ failed to develop the record; **3-** the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony; and, **4-** the ALJ failed to apply the Medical Vocational Guidelines (the "grids"). MSJ at 1, ECF No. 16.

### VI.     Discussion

Plaintiff provides the following background discussion regarding the errors he seeks to establish. In October 2020 he was diagnosed with colon cancer. MSJ at 3–4. He also has carpal tunnel in both hands and uncontrolled diabetes. He is also obese at 320 pounds. Mr. Gonzales was 54 at the time of the decision. Plaintiff asserts that the Medical Vocational profiles direct disability because he cannot stand for six hours due to diabetic neuropathy, and it was error for the ALJ to circumvent the profiles by providing three jobs where he could use a bench. The Medical Vocational Profiles are to be used uniformly to streamline the disability process

#### A.     Failure to Address Combined Impairments in the RFC

##### 1.     Applicable Law

Before proceeding to steps four and five, the ALJ must determine the claimant's residual functional capacity which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The Residual Functional Capacity must consider <u>all of the claimant's impairments, whether or not the impairments are severe</u>. 20 C.F.R. §§ 416.920(e), 416.945(a)(2) (emphasis added). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

##### 2.     Analysis

###### a.     Colon Cancer

Plaintiff contends that his colon cancer diagnoses of 2020, "<u>continues</u>" to be disabling as of

2023.  Id.  But this contention presupposes that Plaintiff's colon cancer was at any point disabling upon initial diagnosis in 2020 or thereafter, which has not been established.  Plaintiff offers the following explanation on this issue:

> Mr. Gonzales was diagnosed colon cancer in 2020 (AR 360). A port for chemotherapy was inserted (AR 1959). His doctors advised him to establish oncology care follow up, with labs and scans every 6 months at least until 5 years from his cancer surgery in 10/2020. In 10/31/2023 Mr. Gonzalez was admitted into emergency for four days for liver lesions a possible consequence of colon cancer. (AR 2259, 2607). He was operated on and had an 8-mm polyp removed by cold snare polypectomy (AR 2567). The ALJ did not use authority to determine he was in remission. The record stops in 2033. Because there were missing records and a gap from 2023-4 there is an unadjudicated period. Therefore, the ALJ's findings are not supported by substantial evidence.

MSJ at 4.

However, neither the diagnosis of colon cancer, nor the removal of a liver lesion, speak to any functional limitations generally or functional limitations inconsistent with the ALJ's RFC formulation for a reduced range of light work.

Plaintiff contends the ALJ "did not use authority to determine he was in remission."[3]  Yet the documents from the agency level SSDI application process attribute the phrase "colon cancer in remission" to Plaintiff himself as one of the impairments that allegedly prevented him from working.  AR 99, 106.  Further, it is notable that Plaintiff does not contend here that his colon cancer was not in remission but only contends that the ALJ failed to substantiate that it was in remission.

Similarly, Plaintiff emphasizes an "unadjudicated period" due to the "missing records."  However, this emphasis passes the obligation to the ALJ to refute the existence of functional

---

[3] Although the ALJ did not use the word "remission," the ALJ did state that "the claimant was diagnosed with colon cancer in October 2020, and underwent hemicolectomy followed by chemotherapy. Subsequently, treatment notes and imaging show he has been doing well and remains clinically stable (Exhibits 2F/13; 3F/5; 4F/8; 5F/9)." AR 22–23. (emphasis added).  Further, Defendant notes in the response brief that "he received chemotherapy, which finished in April 2021 (AR 504). Providers continued to monitor him, but noted that he was doing well, asymptomatic, and in remission with no sign of cancer recurrence (AR 487-88, 504-06, 833-36, 2034, 2002, 2132, 2150, 2291, 2565)." .

limitations attributable to colon cancer. This does not explain however, why Plaintiff himself should not be tasked with describing what functional limitations would have been appropriate to include in the RFC in consideration of his colon cancer.

In doing so, Plaintiff misconstrues the burden of proof. See Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability.") (citation omitted); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability" because the "claimant bears the burden of proving that an impairment is disabling"); Bowen v. Yuckert, 482 U.S. 137, 146 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

Thus, Plaintiff establishes no error in the ALJ's consideration of the limitations arising from colon cancer either standing alone or in combination with other impairments.

### b.    Diabetes

Plaintiff begins with the statement that "SSR 14-2p mandates the ALJ address the combined effects of diabetes as the other impairment(s) can be greater than the effects of each of the impairments considered separately.'" MSJ at 4 (emphasis added). First, Plaintiff provides a closed quotation mark but not the initial quotation mark. In any case, neither quotation mark is appropriate because the assertion does not appear in SSR 14-2p. Rather, SSR 14-2p provides:

> The combined effects of DM and another impairment(s) can be greater than the effects of each of the impairments considered separately. We consider all work-related physical and mental limitations, whether due to an adult's DM, other impairment(s), or combination of impairments. (emphasis added).

Although it is true that the ALJ must consider the functional effects of both severe and non-severe impairments at the RFC stage, there is no requirement that the ALJ explain or address the consideration of non-severe impairments, which is notable given the regulations do elsewhere

indicate when and under what circumstances required "considerations" must be explained.[4] *Compare* 20 C.F.R. § 416.945(a)(2) ("we will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe,"") *with* 20 C.F.R. § 416.920c(b)(2) ( "we will explain how we considered the supportability and consistency factors . . ." when evaluating opinion evidence) (emphasis added).

Here, Plaintiff offers somewhat plausible limitations attributable to diabetes, but the discussion nevertheless falls short. Plaintiff explains as follows:

> adults with peripheral sensory neuropathy may have difficulty walking, operating foot controls, or manipulating objects because of damage with their ability to perform work activity on a sustained basis. Mr. Gonzalez has diabetic neuropathy. He has a sharp 7/10 lower back pain. (AR 2215, 2208, 2242). Although the ALJ finds neuropathy as an impairment she fails to address the limitations.

MSJ at 4–5 (emphasis added).

Plaintiff explains that diabetic neuropathy may limit the use of lower extremities, not that it necessarily causes such limitations. He subsequently emphasizes testimony that he needs to rest every 1 block due to foot numbness. Id. Plaintiff further emphasizes his subjective complaints that "My hands are limited on what I can lift due to pain and numbness also I cannot use my hands for very long before I have to stop because of pain. Also have diabetes, high blood pressure and sleep apnea." AR 240.

First, this discussion overlaps with the additional claim that Plaintiff seeks to establish below regarding the ALJ's impermissible rejection of his subjective complaints. Second, the testimony as to the functional impact of peripheral neuropathy is non-specific. Relevantly, Plaintiff did not explain the duration of the walking breaks he needs and the hand limitations are equally vague insofar as he expresses only that his hand use is "limited" and that he cannot use them for

---

[4] Absent any such discussion, it is difficult for a reviewing court to determine to what extent the ALJ "considered" non-severe impairments at the RFC stage. But this does not change that the regulations impose no obligation on an ALJ to articulate how non-severe impairments were considered at the RFC stage.

"very long."

As Plaintiff bears the burden of establishing disability and providing information as to the nature and extent of his impairments as reflected in the case citations above, it was counsel's duty to draw out more information about the nature and extent of these limitations at the administrative hearing. Additionally, as Defendant emphasizes, contrary to Plaintiff's testimony the ALJ pointed out that he had a normal gait, full strength, and intact sensation on exam. AR 25, citing AR 2033, 2072-73, 2149, 2642-44; see also AR 840, 2131-32, 2149, 2334).

Thus, Plaintiff establishes no error with respect to the ALJ's consideration of the functional impact of Plaintiff's diabetic neuropathy either standing alone or in combination with other impairments.

### c.     **Obesity**

Plaintiff explains as follows:

> SSR 19-2p states the ALJ must consider limiting effects of obesity when assessing a person's RFC. Obesity increases stress on weight-bearing joints and may contribute to limitation of the range of motion of the skeletal spine and extremities. SSR 19-2p requires the ALJ to explain how he reached his decision.

MSJ at 6.

Plaintiff further explains, as set forth in SSR 19-2p that:

> The combined effects of obesity with other impairment(s) may be greater than the effects of each of the impairments considered separately. For example, someone who has obesity <u>and arthritis affecting a weight-bearing joint</u> may have more pain and functional limitations than the person would have due to the arthritis alone. We consider all work-related physical and mental limitations, whether due to a person's obesity, other impairment(s), or combination of impairments.

MSJ at 6 (emphasis added).

Yet Plaintiff hasn't established that he has arthritis that affects "a weight-bearing joint." Thus, the example Plaintiff gives above is inapplicable. Although that principle certainly has broader applicability, Plaintiff nevertheless fails to explain <u>how his obesity exacerbates the</u>

functional impact of his other impairments (history of colon cancer, hypertension, hyperlipidemia, diabetes mellitus, and sleep apnea). Nor does Plaintiff explain how those other impairments exacerbate the functional impact of his obesity. Thus, he establishes no error in the ALJ's consideration of the functional impact of his obesity, either standing alone or in combination with other severe and non-severe impairments.

### B.  Develop the Record

#### 1.  Applicable Law

The ALJ's duty to further develop the record is triggered where the evidence is ambiguous or inadequate to allow for proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150. A specific finding of ambiguity or inadequacy in the record is not required to trigger the necessity to further develop the record where the record itself establishes the ambiguity or inadequacy. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011); *Garcia v. Comm'r of Soc. Sec.*, No. 1:19-CV-00545-SAB, 2020 WL 1904826, at *13 (E.D. Cal. Apr. 17, 2020).

#### 2.  Analysis

Plaintiff's argument is one paragraph long:

> The Commissioner sought records from the following groups: Kern Radiology Medical Group, Kern Gastroenterology, and Kern Radiology Medical Group & Regional Hand Center (AR 883-898). These records reasonably shed light on the prognosis as to colon cancer, uncontrolled diabetes, carpal tunnel and obesity. The ALJ used an incomplete record to determine Mr. Gonzales's conditions were in remission. His findings are not based on the record. As such, the ALJ's failure to make a proper determination. Therefore, the ALJ's findings are not supported by substantial evidence.

The argument is not sufficiently developed. Plaintiff contends the records "shed light" on the prognosis of his various impairments, but Plaintiff makes no attempt to describe what light they shed, even in general terms, or how they support his claim. Nor does Plaintiff explain how he would correct the alleged inadequate record upon which the ALJ based the decision. Thus, there

9

is no basis to find error. See Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review") (citation omitted).

Further, as explained in SSR 17-4p, "Although we [SSA] take a role in developing the evidentiary record in disability claims, claimants and their appointed representatives have the primary responsibility under the Act to provide evidence in support of their disability…".

### C.      Subjective Complaints

#### 1.      Applicable Law

An ALJ performs a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

In addition to the objective evidence, the other factors considered are: 1- daily activities; 2- the location, duration, frequency, and intensity of pain or other symptoms; 3- precipitating and

aggravating factors; 4- the type, dosage, effectiveness, and side effects of any medication; 5- treatment other than medication; 6- other measures the claimant uses to relieve pain or other symptom; and 7- other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. See, 20 C.F.R. § 416.929(c)(3).

### 2. Analysis

Plaintiff's discussion—and that of the ALJ%—is concise enough to quote in full. First, Plaintiff quotes the following explanation from the ALJ's decision:

> The claimant alleged that he was unable to perform basic work activities because of sleep apnea, high blood pressure, high cholesterol, colon cancer in remission, bilateral carpal tunnel syndrome, and diabetes. Because of his symptoms, the claimant alleged difficulty using his hands to lift due to pain and numbness, and he cannot use his hands for very long before he must stop due to pain. However, other than shaving once a week, he has no problem with personal care. He prepares simple meals, does laundry and cleaning, shops by computer, and socializes with others. He does not lift anything over 5 or 10 pounds. Yet he indicated that he goes outside once or twice a week, he drives, and he can go out alone. He can pay bills, handle a savings account, and use a checkbook and/or money orders (AR 24).

Then, Plaintiff provides the following critique:

> The ALJ has provided activities which do not relate to Mr. Gonzalez's functional capacity. In order for daily activities to transfer as functional finding <u>the activity must show to be performed full time eight hours a day</u>. As such shaving, personal care, shopping and socializing are not established as full time equivalents. Therefore, the ALJ has not provided clear and convincing reasons cited to evidence in the record.

MSJ at 8 (emphasis added).

Importantly, Plaintiff's underlined statement of law is incorrect. An ALJ can rely on a claimant's daily activities as a basis to discredit his subjective complaints if: **1**- the daily activities contradict the claimant's other testimony; **or 2**- "a claimant is able to spend a <u>substantial part of [her] day</u> engaged in pursuits involving the performance of physical functions that are transferable to a work setting." <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007) (emphasis added). Plaintiff's

11

four sentence analysis only addresses the second alternative described in Orn,[5] while disregarding the first. Thus, Plaintiff's discussion is insufficient on this point and the Court has no obligation to fill in the gaps. See Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review") (citation omitted).

Further, Plaintiff's activities resemble that of the claimant in Valentine, which illustrates the fact that even when routine daily activities don't establish that Plaintiff can work an eight hour day, they still may support the notion that Plaintiff is not as debilitated as alleged. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (finding the ALJ satisfied the "clear and convincing" standard for an adverse credibility determination where claimant engaged in "gardening and community activities . . . evidence [which] did not suggest Valentine could return to his old job," but "did suggest that Valentine's later claims about the severity of his limitations were exaggerated.").

### D.     Application of the Grids at Step 5

At step five the burden shifts to the Commissioner to establish that there are jobs existing in significant numbers in the national economy that an individual with Plaintiff's RFC and vocational profile could perform. Depending on the nature of the limitations, the Commissioner can meet his step five burden by: 1) referencing the grids, and/or 2) consulting a Vocational Expert (VE). Lockwood v. Comm'r Soc. Sec., 616 F.3d 1068, 1071 (9th Cir. 2010).

The Medical Vocational Guidelines (the grids) apply at step five to determine whether a claimant's exertional limitations, in combination with his "vocational profile" (age, education, work experience) direct a finding of disability or non-disability. As Plaintiff explains, where solely

---

[5] And even in that respect, Plaintiff's statement of law quoted above is still incorrect. Plaintiff contends the activity in question has no functional relevance unless it is performed full time, eight hours a day. Yet Orn states "a substantial part of her day."

exertional limitations are at issue, the grids control irrespective of any testimony by the VE, who need not be consulted in such cases and who cannot supplant the grids in such cases. See Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir. 1989).

But again, "The ALJ must apply the grids if a claimant suffers only from an exertional impairment." Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989) (emphasis added) (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.00(a) & (e) (1988).

Here, Plaintiff assumes without support that he suffers only from an exertional impairment. An "exertional activity" under SSR 83-10 primarily involves the strength requirements of sitting, standing, walking, lifting, carrying, pushing, and pulling. Id. "Non-exertional limitations are non-strength related limitations. These include mental, sensory, postural, manipulative, and environmental limitations," such as those at issue here (manipulative and postural). Id.

Thus, the ALJ was not only permitted, but was required to question the VE as to the extent to which the non-exertional limitations eroded the occupational base for light exertional jobs. See Tackett, 180 F.3d at 1104. It is another matter if Plaintiff disagrees with the VE's answer on the subject, namely whether Plaintiff's non-exertional limitations eroded the occupational base for light work (i.e. whether the limited range of light work described in the RFC does not preclude the claimant's ability to perform jobs existing in significant numbers in the national economy.). Notwithstanding Plaintiff's potential disagreement with the VE's testimony—which Plaintiff did not substantiate—the ALJ did not err in consulting the VE and relying on his response.

In addition, any further analysis on this issue is unnecessary. Plaintiff's brief argument is not entirely clear, but it is clear enough that it is not helpful as Plaintiff does not solely suffer from exertional limitations. Despite Defendant's lengthy discussion on the issue of exertional versus non-exertional limitations, and the impact of that distinction on the step five analysis, Plaintiff does not contest any of Defendant's points in their reply, nor otherwise revisit the issue. Thus, Plaintiff

establishes no error in the ALJ's step five analysis.

### VII. Conclusion & Order

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, it is ordered that:

1. Plaintiff's motion for summary judgment (Doc. 16) is **DENIED**.
2. Defendant's cross motion (Doc. 18) is **GRANTED.**
3. The Clerk of Court is directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff.

IT IS SO ORDERED.

Dated:   **August 4, 2025**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE